IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| George Holmes, | ) | Civil Action No.: 2:12-3079-TMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| R. Free, *Contraband Officer*; Ms. | ) | |
| Whitney; Mrs. Eastndy, *Mail Room* | ) | |
| *Staff*; Maria Leggins; *Mail Room* | ) | |
| *Coordinator*; and Sharon Patterson, | ) | |
| *DHO Hearing Officer*, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On February 4, 2013, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Dkt. No. 18.) In that motion, Defendants contend that dismissal is appropriate because Plaintiff failed to follow the Court's order to keep the Clerk of Court informed, in writing, of any change of address. (See Dkt. No. 18.) Defendants state that they have attempted to serve several documents upon Plaintiff, "all of which have been returned . . . indicating that the Plaintiff is no longer at this address and has been released from the South Carolina Department of Corrections." (Dkt. No. 18 at 2.)

On February 6, 2013, the undersigned issued an order that stated, *inter alia*,

It appears that Plaintiff has failed to comply with the Court's Order dated November 16, 2012, requiring him to keep the Clerk of Court advised–in writing–of any change in his address. (See Dkt. No. 7.) As the Plaintiff has failed to comply with the Court's Order dated November 16, 2012, it appears to the Court that Plaintiff wishes to abandon this action. Therefore,

IT IS ORDERED that the Plaintiff shall have through February 21, 2013, to provide the Court with a new address where he can receive mail. The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*,

882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 19 at 2.)

Plaintiff has not provided a new address, and the deadline for doing so has expired. (See Dkt. No. 22.)

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. It is therefore RECOMMENDED that Defendants' Motion to Dismiss (Dkt. No. 18) be GRANTED, and that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

s/Bruce Howe Hendricks
United States Magistrate Judge

February 22, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).